UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80589-CIV-MARRA/JOHNSON

SHIRLEY GREEN,

    Plaintiff,

v.

C.B. FLEET HOLDING COMPANY
INCORPORATED, C.B. FLEET
COMPANY, INC., and WALGREEN
CO. d/b/a WALGREENS,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS COUNT III OF COMPLAINT

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Count III of the Amended Complaint (DE 9), filed August 27, 2007.  The motion is now fully briefed and is ripe for review.  The Court has reviewed the motion and is fully advised in the premises.

In Count III of the Amended Complaint, Plaintiff Shirley Green ("Plaintiff") attempts to assert two alternative claims – one for fraud and one for negligent misrepresentation.  Defendant C.B. Fleet Company, Inc. ("Fleet") moves to dismiss this count because, it claims, Plaintiff has failed to state factual allegations to support either claim; alternatively, Fleet claims that Count III is "incomprehensible" because it alleges two claims in the same count.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint

1

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

To state a claim for fraud under Florida law, a plaintiff must allege 1) a false statement of material fact, 2) that the defendant knew to be false, 3) made to induce the plaintiff to act in reliance upon it, and 4) that damages resulted therefrom. *Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*, 982 F. Supp. 873, 878 (S.D. Fla. 1997). Here, Plaintiff has alleged that Fleet made a false statement of fact when it asserted that Phospho-soda was safe for persons of Plaintiff's age to ingest. (Compl. ¶ 40.) Plaintiff claims that Fleet "knew" this statement to be false and that it was material. (Compl. ¶¶ 41-42.) Plaintiff claims that Fleet made the statement to induce Plaintiff to purchase the product. (Compl. ¶ 43.) Finally, Plaintiff alleges that she suffered damages due to her reliance on the misrepresentation. (Compl. ¶ 44.)

The parties are correct that a cause of action for fraud and a cause of action for negligent misrepresentation only differ by one element: for negligent misrepresentation, a plaintiff need not demonstrate that the defendant knew the statement to be false. Instead, to assert a claim for negligent misrepresentation, a plaintiff need allege that the "party making the misrepresentation either knew of the misrepresentation, made the misrespresentation without knowledge of its truth

or falsity, or should have known the representation was false." *Mobil*, 982 F. Supp. at 878.  Here again, Plaintiff's factual allegations satisfy the requirement.  The Complaint states plainly that "Defendants knew or should have known that the statement was false and the omission was material." (Compl. ¶ 42.)  This statement, when taken as true, satisfies this requirement of negligent misrepresentation.

The issue here is not whether Plaintiff failed to state a claim for either fraud or negligent misrepresentation.  Instead, the issue is whether a party can plead two separate causes of action in one count of a complaint.  Plaintiff cites Rule 8(d)(2) of the Federal Rules to support her construction of the complaint.  That rule states that a "party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2).  Plaintiff interprets the plain language of this rule to allow her to plead both fraud and negligent misrepresentation in the same count.

However, Plaintiff's interpretation of the rule collides with the requirement of Rule 10(b), which states, in pertinent part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).  The Eleventh Circuit has interpreted the analogous language of Rule 10(b) prior to the December 1, 2007, amendments as *requiring* separate counts for each claim of relief.  *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).  Fleet is correct that the Amended Complaint has not been drafted in the clearest, most precise manner.  However, the

proper remedy is not a Rule 12(b)(6) motion to dismiss.  Instead, Fleet should have moved for a more definite statement under Rule 12(e).  "Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading."  *Anderson*, 77 F.3d at 366.

The appropriate remedy here is not a motion to dismiss for failure to state a claim.  Plaintiff has alleged facts that state both a cause of action for fraud and for negligent misrepresentation.  Even in far more egregious "shotgun pleadings," the remedy is not dismissal.[1]  As such, Fleet's motion to dismiss is denied.  Nevertheless, to effectuate total clarity in the pleadings, Plaintiff shall amend the Amended Complaint to assert Count III as two separate counts, one for fraud and one for negligent misrepresentation.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant C.B. Fleet Company, Inc.'s Motion to Dismiss Count III of the Amended Complaint (DE 9) is **DENIED**.  It is further **ORDERED** that Plaintiff shall amend the Amended Complaint and limit each count of

t

---

[1] The Court notes that *Anderson* involves a "shotgun pleading," in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson*, 77 F.3d at 366.  The Court emphasizes that the Amended Complaint in this case does not nearly rise to the level of a shotgun pleading.  However, the Court does wish to emphasize the importance of limiting each count to a single cause of action for the sake of clarity.

he complaint to a single cause of action.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of January, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record